# In the United States Court of Federal Claims

No. 21-737C

(Filed:  February 22, 2021)

## (NOT TO BE PUBLISHED)

|                          |     |
| ------------------------ | --- |
| **RUSSELL K. HILL,**     | )   |
|                          | )   |
|                          | )   |
| *Plaintiff,*             | )   |
|                          | )   |
| **v.**                   | )   |
|                          | )   |
| **THE UNITED STATES,**   | )   |
|                          | )   |
| *Defendant.*             | )   |
|                          | )   |

## OPINION AND ORDER

*SOLOMSON*, **Judge.**

On January 14, 2021, Plaintiff, Russell K. Hill, a Mississippi prisoner proceeding *pro se*, filed a complaint against Defendant, the United States.  ECF No. 1 ("Compl.").  Mr. Hill also filed a motion to proceed *in forma pauperis*.  ECF No. 2.

On January 15, 2021, this Court denied Mr. Hills's motion to proceed *in forma pauperis*.  ECF No. 6.  The Court explained that 28 U.S.C. § 1915(a)(1), commonly known as the "three strikes rule," precluded Mr. Hill from proceeding *in forma pauperis* because Mr. Hill had, "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted." *Id*.  Mr. Hill also was not "under imminent danger of serious physical harm," which would constitute an exception to the three strikes rule.  28 U.S.C. § 1915(g).

This Court thus ordered Mr. Hill to pay the $402 filing fee within 30 days of the entry of its order to avoid dismissal of his complaint for failure to prosecute pursuant to Rule 41 of the Rules of the United States Court of Federal Claims ("RCFC").  ECF No. 6.  More than 30 days has now elapsed, and Mr. Hill still has not paid the requisite filing fee.

Furthermore, even if Mr. Hill had paid the filing fee, his claim would be dismissed for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3) (providing for *sua sponte* dismissal for lack of jurisdiction). In his complaint, Mr. Hill seeks damages in the amount of $36,000,000 for an alleged Fifth Amendment Taking. Compl. at 1. Mr. Hill also alleges that he was wrongfully denied access to the Court of Appeals for the District of Columbia after he attempted to file a habeas corpus petition there against the Speaker of the House of Representatives. *Id*. at 1–2. Mr. Hill alleges that "the clerk of the D.C. Court of Appeals did not file the properly submitted habeas petition or rather improvidentially [*sic*] dismissed the habeas petition, due to 'political passion.'" *Id*. at 2. He contends that the "D.C. federal courts are a factionous [*sic*] family" that denied his petition because of "treasonous loyalty to the faction," to include the Speaker. *Id*. Although Mr. Hill is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam), this Court has "no duty . . . to create a claim which [the plaintiff] has not spelled out in his pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quotation omitted). Because Mr. Hill has not alleged any facts to support a Fifth Amendment takings claim, and because this Court lacks jurisdiction over habeas petitions, the Court has no jurisdiction to decide Mr. Hill's claims, even if he had paid the required filing fee. *See, e.g., Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus."); *Emerson v. United States*, 123 Fed. Cl. 126, 129 (2015) ([The habeas statute] . . . explicitly provides a list of courts and judicial officers authorized to entertain habeas applications, and this list does not include the Court of Federal Claims or any judge thereof."); *Stephenson v. United States*, 58 Fed. Cl. 186, 192 (2003) ("[T]he Court of Federal Claims is not named among those courts having authority to grant *writs of habeas corpus*.").

Accordingly, this case is **DISMISSED** for failure to prosecute pursuant to RCFC 41 and, in the alternative, pursuant to RCFC 12(h)(3). The clerk is directed to enter judgment.

It is so **ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Judge